UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY VONNE,<br><br>    Plaintiff(s),<br><br>v.<br><br>NANCY CARBAJAL, et al.,<br><br>    Defendant(s). | Case No. 2:24-cv-00768-APG-NJK<br><br>**Order**<br><br>[Docket No. 18] |

Pending before the Court is a stipulation to extend case management deadlines by 60 days. Docket No. 18.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1]

The instant request is predicated on the assertion that Defendants' depositions should be taken before initial expert disclosures, but that there have been scheduling difficulties with these depositions. Docket No. 18 at 3. No elaboration is provided and no explanation is given why such circumstances warrant a two-month extension, which on its face appears excessive. Moreover and significantly, the request is based on "likely" deposition dates that have not yet been set.

Accordingly, the stipulation to extend **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: July 19, 2024

                                                                                                        Nancy J. Koppe
                                                                                                       United States Magistrate Judge

---

[1] That a request is jointly submitted "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).